### GENERAL COURT, MAY TERM, 1801.

#### HANNAN *vs.* LEE.

THIS was an action of *assumpsit* removed from Anne-Arundel county court, by a writ of *habeas corpus cum causa.* The declaration contained three counts, 1st for *sundry matters*, &c. as per account filed, for work done on a house; 2d for *work, labour and services*; and 3d a *quantum meruit* for *work and labour*, &c. The defendant pleaded the general issue.

The plaintiff at the trial offered evidence to the jury to prove, that he had, at the instance and for the use of the defendant, and at his request, done the work and labour mentioned in the account filed.

*Where there is a special agreement, a recovery cannot be had on general counts*

May 1801

Hannan
vs
Lee

The defendant then offered evidence to prove, that the articles mentioned in the said account, are part of a house which the plaintiff undertook to build for the defendant, on the following terms, to wit: That 800*l.* was to be paid by the defendant to the plaintiff for the building the said house, in the following manner: 200 dollars on the raising the house; 200 dollars on the covering in the house; and the remaining 400 dollars to be paid between the last mentioned work, and on the final completion of the work. That the plaintiff undertook to finish the said house by the 12th of November 1798. That the defendant, in addition to the money aforesaid, agreed that the plaintiff should have a negro man named *Simon*, to assist during the building the said house. That some time about the 27th of November 1798, the plaintiff told the defendant that he would not go on with the said work, and at that time the house was not covered in. The defendant then informed the plaintiff, that if he would go on and finish the covering in of the house, he would pay him the second payment; which the plaintiff refused.

The plaintiff then offered evidence to prove, by the defendant's witnesses, that he had employed two work-men under him to build the said house, and that the said workmen did, on account of the plaintiff, and under the contract made between the plaintiff and them, go on and cover in the said house; that during the time they were so employed, and after the said 27th of November 1798, the defendant was frequently present with them while working on the house; that the said workmen, with the consent of the defendant, did charge the plaintiff with the work by them done until the house was covered in; that the said workmen did finish the house; and for the work by them done after the covering in as aforesaid, the defendant paid them; but for work done after the 27th of November aforesaid, and before the covering in of the house, the defendant informed the said workmen the plaintiff was to pay them.

The defendant offered evidence to the jury to prove, that a *special contract and agreement* was made and

entered into between the plaintiff and himself, as to the building of the said house, and the work and labour thereon to be employed and expended; and that the said work and labour, for which the plaintiff claims compensation, was made and done in pursuance of the said special contract and agreement, which contract and agreement was not complied with. And, on the prayer of the defendant by his counsel,

THE COURT [*Chase*, Ch. J. *Duvall* and *Done*, J.] directed the jury, that if they were of opinion, from the whole of the evidence in this cause, that there was a special contract and agreement between the plaintiff and defendant to build a house for a certain sum, to be paid at certain periods, that then the plaintiff cannot recover under the counts in his present declaration. The plaintiff excepted,

*Martin*, (Attorney General,) and *Johnson*, for the plaintiff.

*Key* and *Shaaff*, for the defendant.

Verdict and Judgment for the defendant. The plaintiff appealed to the court of appeals, and at June term 1804, the appeal was argued in that court by the same counsel.

For the appellant it was contended *(a)* that a special agreement might be given in evidence on general counts; for which were cited, *Payne, et al. vs. Bacomb, Doug.* 651. *Bull. N. P.* 139. *Fitz.* 302.

For the appellee it was contended, that if there be a special agreement, it must be declared on, and if declared on, must be proved; so that in no case could a recovery be had on the general counts; for which were cited, *Esp.* 138. *Bull. N. P.* 145. *Doug.* 23. 2 *East*, 145. 1 *T. R.* 133.

RUMSEY, Ch. J. *(b.)* In this cause the court of appeals concur with the general court, and therefore affirm their judgment.

*(a)* As this case has, in the opinion of the Reporters, been overruled by the decision stated in the note at the end, they deem it unnecessary to give the arguments of counsel at length.

*(b)* *Jones, Potts* and *Dennis*, J. concurring. *Mackall* J. absent.

MAY 1801

Hannan
vs.
Lee

As a general proposition, we think the law declared in their direction correct; but we are of opinion, that the general rule admits of exceptions, and that if the evidence offered on the part of the plaintiff was credited by the jury, that it brought the plaintiff's case within one of those exceptions to the general rule.

In the case of a continuing contract, as the original contract proved between the parties, if that contract had not been waived, and a new one proposed and acceded to, the plaintiff could not support a general *indebitatus assumpsit*; but if the waiver of the original contract had appeared to the jury, and the second contract set up had been proved to their satisfaction, to wit, the covering in of the house, we should have been of opinion, that after the completion of such second contract by the plaintiff, if that was the case, that the plaintiff might well have supported his general *indebitatus assumpsit*.

*Note.* This case seems to have been overruled by that of *Coursey vs. Covington*, determined at June term 1820, in the Court of Appeals for the eastern shore.